**NOT FOR PUBLICATION**

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

_____
                                    :
MIKAL McCLAIN,                      :
                                    :   Civil Action No. 11-7093(SDW)
            Petitioner,             :
      v.                            :
                                    :
CHARLES WARREN, et al.,             :   **OPINION**
                                    :
            Respondents.            :
_____

**APPEARANCES:**

Mikal McClain, <u>Pro Se</u>
403971/185241C
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

Sara A. Friedman
Essex County Prosecutor's Office
Essex County Courts Bldg
Newark, NJ 07102
Attorney for Respondents

**WIGENTON, District Judge**

This matter comes before the Court on Petitioner's motion to present two additional grounds for habeas relief (docket entry 16). Respondents oppose the motion (docket entry 17). The motion is decided without oral argument pursuant to Rule 78. For the reasons stated below, the motion is denied.

1

## BACKGROUND

Petitioner filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 on December 2, 2011 (docket entry 1). An Order to Answer was issued and Respondents filed a Response to the Petition on May 11, 2012 (docket entry 8). On July 9, 2012, Petitioner filed a Traverse to the Response (docket entry 15), and simultaneously filed this motion.

In the motion, Petitioner asks to add two grounds to his petition: (1) trial counsel was ineffective for failing to remove a juror who admitted that he could not read and that (2) trial counsel was ineffective for failing to remove a juror who admitted that she could not be fair because of her past experiences as a victim of burglary. (Motion, docket entry 16-1).

Respondents oppose the motion stating that Petitioner waived any right he may have had concerning jury composition, and because these issues were not raised or exhausted in any state court proceeding.

Petitioner replied to the opposition (docket entry 18), stating that he had reason to bring the issues up in his state post-conviction relief petition as opposed to direct appeal, and that Respondents' arguments in opposition are "beside the point."

**DISCUSSION**

In this case, Petitioner was advised on February 10, 2012 of his rights under *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), and notified that under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), he was required to file one, all-inclusive petition for a writ of habeas corpus (docket entry 2). Because the AEDPA bars second or successive petitions, Petitioner was informed that this all-inclusive § **2254** petition must be filed within one year of the date his conviction became final upon the conclusion of direct review or the expiration of the time for seeking such review. The *Mason* Order cited the relevant federal statutes and asked Petitioner if he wanted this Court to rule on the Petition "as is" or if he wanted to withdraw the pending petition in order to add additional claims, subject to the one-year statute of limitations. It informed him that if he didn't respond, his petition would be ruled on "as is." Petitioner did not respond.

In this case, Petitioner waited to raise these ineffective counsel claims until July 9, 2012, stating that he had discussed the issues with his attorney in July of 2011 (Motion, Certification and Exhibit 1). Petitioner could have raised

3

these ineffective assistance claims in his petition filed with this Court in December of 2011.

Additionally, Petitioner has not raised the claims he proposes to add to his petition in state court. Claims presented in a § 2254 petition must be exhausted first in state court. *See* 28 U.S.C. §§ 2254(b) and (c); *Ex Parte Hawk*, 321 U.S. 114, 117 (1944). Petitioner alleges that his attorney and the prison system are at fault for this lapse, but as the Supreme Court has stated, counsel's ignorance in a post-conviction relief proceeding will not serve to excuse a procedural default. *See Coleman v.* Thompson, 501 U.S. 722, 753-54 (1991); *see also*, e.g., *Martinez v. Ryan,* 132 S. Ct. 1309, 1315-19 (2012).

Finally, Petitioner has not shown that he exercised reasonable diligence in bringing these claims. *See Holland v. Florida*, -- U.S. -- , 130 S. Ct. 2549, 2562 (2010). "The obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies, and the court may consider the time of filing the habeas petition as a factor in determining reasonable diligence." *Alicia v. Karestes*, 389 Fed. App'x 118, 122 (3d Cir. 2010); *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). Here, although Petitioner may not have had copies of transcripts, he

4

knew of the claims and could have asserted them in state court and in this petition.

## CONCLUSION

At this late point in the litigation of this habeas petition, and for the reasons set forth above, the motion will be denied.  The petition will be decided upon as filed.

```
                              s/SUSAN D. WIGENTON
                              United States District Court
```

Dated: February 28, 2013

5