UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MIKAL MCCLAIN, | : |
| Petitioner, | : Civil Action No. 11-7093 (SDW) |
| v. | : **OPINION** |
| CHARLES WARREN, et. al., | : |
| Respondents. | : |

**APPEARANCES:**

    **MIKAL MCCLAIN**, Petitioner Pro Se
    # 403971/185241C
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625

    **SARA A. FRIEDMAN, ESQ.**
    ESSEX COUNTY PROSECUTOR'S OFFICE
    Essex County Courts Building
    Newark, New Jersey 07102

**WIGENTON**, District Judge

    Petitioner Mikal McClain challenges his 2004 New Jersey state court conviction in this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons discussed below, the petition is dismissed as time-barred under 28 U.S.C. § 2244(d).

**I. BACKGROUND**

    A. Procedural History

In October 2001, Petitioner Mikal McClain was arrested and charged in an Essex County Indictment N0. 02-03-1091, on charges of conspiracy, first degree robbery, unlawful possession of a handgun without a permit, possession of a weapon for an unlawful purpose, resisting arrest by flight, and hindering apprehension or prosecution. (ECF No. 10-2, Ra12,[1] Def. Brief on PCR Appeal at 1-2, Da1-8.)

Petitioner thereafter was tried by a jury before the Honorable Betty J. Lester, J.S.C., from October 29, 2003 to November 7, 2003. The jury returned a verdict of guilty on all counts, except the conspiracy count, which had been dismissed by State motion before trial. On February 9, 2004, Petitioner was sentenced to an aggregate term of 20 years in prison with an 85% period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2a. (*Id*. at 2.)

On June 23, 2004, Petitioner filed a direct appeal from his conviction and sentence before the Superior Court of New Jersey, Appellate Division. (*Id*.) On June 26, 2006, the Appellate Division affirmed the convictions,[2] but remanded the matter for resentencing. *State v. Mikal McClain*, 2006 WL 1725570 (N.J. Super. A.D. Jun. 26, 2006). The Supreme Court of New Jersey denied certification on January 31, 2007. *State v. McClain*, 189 N.J. 430 (2007).

---

[1] "Ra" refers to the state court record provided by Respondents in answer to the habeas petition in this matter. The State lists the record by Exhibit # in their response docketed at ECF 8-3. Reference to the state court record is first identified by ECF number on the docket.

[2] Petitioner's principal claim on direct appeal was that the evidence was insufficient to support conviction on the robbery charge because it was contested by an alibi witness. The Appellate Division rejected this claim based on the "overwhelming evidence" at trial. The court further found insufficient merit in Petitioner's pro se arguments to warrant discussion in a written opinion.

Petitioner then filed a state post-conviction relief ("PCR") petition on April 17, 2008. (ECF No. 10-1, Ra11.) The state PCR court denied the petition by Order dated March 9, 2009, with a supporting opinion letter filed on March 25, 2009. (ECF Nos. 6, 7, Ra16, Ra17.) Petitioner appealed and the Appellate Division affirmed the denial of the PCR petition in an opinion issued on April 8, 2011. *State v. McClain*, 2011 WL 1327314 (N.J. Super. A.D. Apr. 8, 2011). The Supreme Court of New Jersey denied certification on October 20, 2011. *State v. McClain*, 208 N.J. 371 (2011).

Petitioner filed this habeas petition pursuant to 28 U.S.C. § 2254 on November 18, 2011. (ECF No. 1.) The State filed a response to the petition on May 8, 2012. (ECF No. 8.) The State then provided a copy of the relevant state court record on May 11, 2012. (ECF Nos. 9, 10, 11.) On July 9, 2012 Petitioner filed his traverse. (ECF No. 15.) That same day, Petitioner also filed a motion for an Order granting leave to present two additional grounds for habeas relief. (ECF No. 16.) On February 28, 2013, this Court denied Petitioner's motion, finding the request time-barred and the claims unexhausted. (ECF Nos. 21, 22.)

B. Statement of Facts

This Court, affording the state court's factual determinations the appropriate deference, *see* 28 U.S.C. § 2254(e)(1), will simply reproduce the recitation as set forth in the June 26, 2006 opinion of the New Jersey Appellate Division as to Petitioner's direct appeal:

> Evidence introduced by the State established that the victim, George Haley, had traveled to a bar on Lyons Avenue in Irvington with two women to purchase beer, while a friend, George Gayles, accompanied them in a separate car. Both men parked their cars at a nearby Sunoco station. Gayles remained in his vehicle while the other three made their purchase. On their return, Gayles saw that Haley was being followed, but was unable to alert him to that fact. While Gayles watched, Haley was hit over the head with a gun by the assailant, who demanded money. Eventually, the assailant hit Haley in the head four times and took Haley's wallet, as well as the purses of the two women and jewelry. When, during the course of a struggle over the gun, it fired, Gayles took off and eventually summoned the police.

> Upon the police's arrival, the assailant was found with his arm in a car that was later observed to contain the two purses, jewelry and the gun. After he was captured following a pursuit, he was found to have Haley's wallet on his person. Defendant was identified by Haley as the assailant.
>
> Although defendant did not testify, he presented as an alibi witness Randy Harris, who testified that he and the defendant had been in the bar with two women. Eventually, they left, entering Harris's car to "talk." Defendant returned to the bar shortly before the police's arrival. Harris stated that he did not witness any robbery while he and defendant were together.

*State v. Mikal McClain*, 2006 WL 1725570, **1-2 (N.J. Super. A.D. Jun. 26, 2006); (ECF No. 8-15, Ra12, App. Div. Op. at 3-17.)

## II. STATEMENT OF CLAIMS

Petitioner raises twenty-two claims for habeas relief in his petition. (ECF No. 1).

The State asserts the affirmative defenses that the petition should be dismissed as time-barred, and that the petition should be dismissed as a "mixed" petition containing both exhausted and unexhausted claims. Alternatively, the State contends that the petition should be dismissed for lack of merit. (ECF No. 8, Respondent's Answer at 13-43.)

## III. STATUTE OF LIMITATIONS ANALYSIS

The State asserts that this habeas petition is time-barred under 28 U.S.C. § 2244(d), which states in relevant part:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending." The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See Gonzalez v. Thaler*, 132 S.Ct. 641, 653–54 (2012). The statute of limitations is statutorily tolled during the time in which properly filed state post-conviction relief petition is pending. *See* 28 U.S.C. § 2244(d)(2). However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." *Stokes v. Dist. Attorney of the Cnty. of Phila.*, 247 F.3d 539, 542 (3d Cir.2001).

Here, the New Jersey Supreme Court denied Petitioner's petition for certification on January 31, 2007, and his conviction became final ninety days later, on or about May 1, 2007. Unless the statute of limitations was tolled, the applicable statute of limitations would have expired a year later, on May 1, 2008. Petitioner filed his state PCR petition on April 17, 2008, fourteen (14) days before the one-year limitation would have expired. Thus, statutorily tolling applied while Petitioner's state PCR proceedings remained pending. On October 20, 2011, the Supreme Court of New Jersey denied certification on Petitioner's appeal from denial of his PCR petition. Petitioner had fourteen (14) days remaining on his one-year limitations period, or until November 3, 2011, to timely file his federal habeas petition. However, Petitioner filed this habeas action on November 18, 2011. Accordingly, this federal habeas petition is time-barred

unless Petitioner can demonstrate extraordinary circumstances to justify equitable tolling of the limitations period.

The Third Circuit has long held that the doctrine of equitable tolling permits untimely habeas filings in "extraordinary situations." *See Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998) (holding that AEDPA's one year limitation period may be equitably tolled). There are no bright-line rules for determining when extra time should be permitted in a particular case. *See Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012). Rather, the unique circumstances of each defendant seeking § 2254 relief must be taken into account. *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). Equitable tolling should be applied sparingly, and only when the "principles of equity would make the rigid application of a limitation period unfair." *Jenkins v. Superintendent of Laurel Highland*, 705 F.3d 80, 89 (3d Cir. 2013) (citations omitted).

The Supreme Court has instructed that equity permits extending the statutory time limit when a defendant shows that (1) "he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Ohler v. Lamas*, 542 F. App'x 205, 207 (3d Cir. 2013). Mere excusable neglect is insufficient. *See U.S. v. Thomas,* 713 F.3d 165, 174 (3d Cir. 2013); *Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002).

The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence. *Holland*, 560 U.S. at 653; *Munchinski v. Wilson*, 694 F.3d 308, 330 (3d Cir. 2012); *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). A determination of whether a petitioner has exercised reasonable diligence is made under a

6

subjective test: it must be considered in light of the particular circumstances of the case. *See Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence *in the circumstances*.") (emphasis added) (internal quotation marks and citation omitted); *see also Doe v. Busby*, 661 F.3d 1001, 1013 (9th Cir. 2011) ("To determine if a petitioner has been diligent in pursuing his petition, courts consider the petitioner's overall level of care and caution *in light of his or her particular circumstances*." (emphasis added)). Moreover, the "obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies." *Alicia v. Karestes*, 389 F. App'x 118, 122 (3d Cir. 2010).

The fact that a petitioner is proceeding pro se does not insulate him from the "reasonable diligence" inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling. *See Ross v. Varano*, 712 F.3d 784, 799-800 (3d Cir. 2013); *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003) (holding that equitable tolling is not justified where petitioner had one month left in limitations period in which he could have "fil [ed] at least a basic pro se habeas petition" at the time that petitioner's attorney informed him that he would not file an appeal in state court on his behalf and could no longer adequately represent him). Moreover, a petitioner must exercise diligence even when there is attorney malfeasance. *Schlueter*, 384 F.3d at 77-78.

Here, Petitioner has not demonstrated that his is one of the rare cases in which equitable tolling should apply. Petitioner first appears to argue that his public defender failed to timely inform Petitioner of the October 20, 2011 Supreme Court order denying certification of the PCR appeal, thus depriving Petitioner of the opportunity to timely file his § 2254 petition. Petitioner states that he called his counsel each month in August, September and October 2011, inquiring

7

as to the status of his pending certification. Each time, counsel rightly informed Petitioner that no decision had been reached by the Supreme Court. Petitioner does not indicate the dates of these phone calls. He also does not explain why he did not call his attorney in November 2011, and he fails to attach a copy of a handwritten letter he purportedly wrote to his counsel in October 2011. Petitioner does admit that counsel did inform Petitioner by letter dated November 1, 2011, about the October 20, 2011 denial of certification. However, Petitioner did not receive this letter until November 14, 2011. (ECF No. 16-2, July 2, 2012 Certification of Petitioner ("Pet. Cert.") at ¶¶ 8-12.)

This Court finds that even if these alleged events are true, they do not represent the kind of egregious attorney misconduct that may constitute an "extraordinary circumstance" to allow equitable tolling. *See Holland*, 560 U.S. at 649-652. The Third Circuit has repeatedly held that "in a non-capital case ..., attorney error is not a sufficient basis for equitable tolling of the AEDPA's one-year period of limitation." *See Schlueter*, 384 F.3d at 76; *see also McFarlane v. Gillis*, Civil No. 01-1657, 2011 WL 129212, * 14 (E.D.Pa. Jan. 14, 2011) (holding that "absent affirmative misrepresentation, an attorney's mere failure to inform a client of an unsuccessful appeal does not qualify as extraordinary") (citing *LaCava*, 398 F.3d at 276). "Generally, an attorney's delinquency is chargeable to a client and is not a basis for equitable tolling." *Cristin v. Wolfe*, 168 F. App'x 508, 511 (3d Cir. 2006). Nevertheless, the Third Circuit has held, "albeit outside the habeas context, that there are 'narrow circumstances in which the misbehavior of an attorney may merit' equitable tolling." *Schlueter*, 384 F.3d at 76 (quoting *Seitzinger v. Reading Hosp. and Medical Center*, 165 F.3d 236, 239 3d Cir. 1999)).

In *Holland*, a capital case, the Supreme Court rejected as "too rigid" the Eleventh Circuit's per se rule requiring a petitioner to show bad faith, dishonesty, divided loyalty, or

mental impairment in order to prove attorney conduct arose to the level of "extraordinary circumstances" justifying equitable tolling. *Holland*, 560 U.S. at 648-651. The Supreme Court further held that extraordinary circumstances are to be considered on a case-by-case basis, and reiterated that a "'garden variety claim of excusable neglect'" does not warrant equitable tolling. *Id*. at 649-652. *Holland* was an extreme case, indeed, compared to the circumstances here. In that case, the attorney failed to file a timely habeas petition despite the petitioner's many letters emphasizing the importance of doing so; failed to research the proper filing date; failed to inform the petitioner about a state court decision despite pleas for the information; and failed to communicate with the petitioner despite the petitioner's many letters. *Id*. at 652-53.

As noted, Holland was a capital case. It is thus not clear whether this decision should be read as overruling the Third Circuit's requirement that an attorney make an affirmative misrepresentation in order to constitute extraordinary circumstances in non-capital cases. *McFarlane*, 2011 WL 129212, at *15 (observing that "it is not yet clear that *Holland* overruled the Third Circuit's proof requirements in non-capital cases"). Nevertheless, even if *Holland* applies to non-capital cases, a petitioner must establish more than ordinary negligence in addition to reasonable diligence in filing the habeas petition. *See id*.

Here, Petitioner was not misled by his attorney. At worst, Petitioner's attorney failed to promptly inform Petitioner when his petition for New Jersey Supreme Court review was denied. Even fully crediting Petitioner's suggested claim of attorney malfeasance, the very brief lapse in sending the letter on November 1, 2011, rather than calling Petitioner, constitutes ordinary neglect, not an extraordinary circumstance justifying equitable tolling.[3]

---

[3] This Court notes that Petitioner has not alleged, nor does the record indicate, that his attorney's actions amounted to an abandonment that might qualify as extraordinary circumstances. *Cf*. *Maples v. Thomas*, 132 S.Ct. 912, (2012) (holding, under the "unusual circumstances" of the

Moreover, this Court finds that Petitioner did not exercise reasonable diligence under the circumstances. It is worth noting that Petitioner delayed for 11½ months, or until two weeks before the statutory limitations period would have expired, before filing his state PCR. Moreover, Petitioner waited eight months after filing this § 2254 petition to file his motion to amend the petition (ECF No. 16), which this Court denied on February 28, 2013, as untimely and unexhausted. (ECF Nos. 21, 22.) Finally, while this Court can appreciate that Petitioner only missed the statutory deadline by a mere 15 days, and that he filed the petition only 3 days after receiving counsel's letter informing him of the New Jersey Supreme Court's denial of certification, the Court cannot ignore the history of Petitioner's delay in seeking to exhaust his claims in state court proceedings. Nor can the Court overlook Petitioner's convenient lapse in providing dates of his phone calls to counsel or a copy of his alleged letter to counsel sometime in October 2011. This plainly is not a case of a convicted and incarcerated prisoner of limited cognitive abilities, whose every attempt to pursue his rights have been thwarted despite petitioner's demonstrated perseverance and diligence. *See Ross*, 712 F.3d at 802 (finding reasonable diligence by petitioner under such circumstances sufficient to allow equitable tolling).

Therefore, this Court concludes that equitable tolling is inapplicable here, and Petitioner's habeas petition should be dismissed with prejudice as untimely.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies

---

case, that attorney abandonment occurred and amounted to "extraordinary circumstances" that provided cause to excuse procedural default).

this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted), cited in *U.S. v. Williams*, No. 13–2976, 2013 WL 4615197, *2 (3d Cir. Aug.30, 2013).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), cited in *Kaplan v. U.S.*, Civil No. 13–2554, 2013 WL 3863923, *3 (D.N.J. July 24, 2013).

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling. No certificate of appealability shall issue.

## V. CONCLUSION

For the above reasons, this Court finds that the § 2254 habeas petition must be dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d), and a certificate of appealability will not issue.  An appropriate Order follows.


s/ SUSAN D. WIGENTON
United States District Judge

DATED: June 20, 2014